FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION

2018 JUL -6 AM 10: 22

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

KIMBERLY A. DEEREY,

        Defendant.

_____/

Case No.

2:18-cv-476-FtM-99MRM

## COMPLAINT

The United States of America, by and through undersigned counsel, brings this suit to reduce to judgment a civil penalty assessed against the Defendant, Kimberly A. Deerey, for her non-willful failure to timely report her financial interest in a foreign bank account pursuant to 31 U.S.C. § 5314 and its implementing regulations, as well as interest, late payment penalties, and associated fees.

### Authorization

1.    A delegate of the Secretary of the Treasury has referred this nontax debt to the Department of Justice for litigation, in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

### Jurisdiction and Venue

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty.

1

3.      Pursuant to 28 U.S.C. §§ 1391(b)(1), 1395(a), venue is proper in this Court because Ms. Deerey resides in Naples, Florida.

## Obligation to Report Interest in Foreign Accounts

4.      Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

5.      This report is made by filing a completed Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), with the Department of the Treasury. At the time of the violation alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

## Kimberly A. Deerey's Failure to Report Interest in a Foreign Account

6.      Ms. Deerey is a United States citizen.

**The UBS Account**

7.      In 2002, Ms. Deerey opened a numbered bank account in Switzerland at the Union Bank of Switzerland, now UBS AG, with the last four digits 6965 (the "UBS account").

8.      Ms. Deerey had signature authority over the account and could access the account.

9.      The UBS account was funded from profits gained by an illegal scheme perpetrated by Ms. Deerey's husband, Arthur Deerey. In *United States v. Deerey*, No. 07-cr-721 (N.D. Ill.), Mr. Deerey ultimately pleaded guilty to selling and distributing an access card

programming device and ordered to spend three months in custody as well as pay over $3,000,000 in restitution.

10.      The high balances in Ms. Deerey's account were: (1) $542,197 in 2007; (2) $494,830 in 2008; and (3) $363,582 in 2009.

11.      In 2009, the United States seized Ms. Deerey's UBS account and withdrew all the funds pursuant to a Court order.

**Ms. Deerey Failed to Report the UBS Account to the IRS**

12.      In 2007, Ms. Deerey filed a joint income tax return with Mr. Deerey.

13.      On her 2007 return, she filed a Form Schedule B and checked the box "Yes" indicating that the Deereys had an interest in or signature authority over a foreign financial account and listing Switzerland as the country in which the account was located.

14.      In 2008, Ms. Deerey filed a married filing separately income tax return.

15.      Ms. Deerey's 2008 return similarly included a Form Schedule B where she checked the box "Yes" indicating that she had an interest or signatory authority over a foreign financial account.

16.      Despite the directions on the Schedule B which instruct taxpayers to "[s]ee instructions for exceptions and filing requirements for Form TD F 90-22.1," Ms. Deerey did not file an FBAR for 2007 or 2008.

17.      Neither Ms. Deerey's 2007 nor her 2008 return reported any income from her foreign account.

18.      In 2009, Mr. and Ms. Deerey divorced and Ms. Deerey filed her 2009 income tax return individually.

19.      Ms. Deerey's 2009 tax return did not include a Schedule B.

3

20.     No income from the UBS account was reported on Ms. Deerey's income tax returns from 2007 and 2008 and Ms. Deerey had deficiencies of $19,073 and $14,235 for each year respectively.

21.     The IRS audited Ms. Deerey in 2013 regarding her 2007 to 2009 tax returns and failure to file FBARs.

22.     As part of the IRS audit, the IRS Revenue Agent advised Ms. Deerey to file the delinquent FBARs.

23.     Ms. Deerey did not do so.

24.     On April 15, 2015, the IRS sent Ms. Deerey a letter that it was proposing FBAR penalties and provided a pre-assessment hearing.

25.     On May 12, 2015, Ms. Deerey submitted a protest letter and requested the pre-assessment hearing.

26.     The hearing took place on December 10, 2015.

27.     After the hearing, the Office of Appeals sustained the penalties and the penalties were assessed on February 13, 2017.

28.     On February 22, 2017, the IRS sent a letter to Ms. Deerey notifying her of the assessed penalties and demanding payment.

## Claim for Relief: Reduce Civil Penalty to Judgment

29.     31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of Section 5314 – i.e., when a person fails to timely file an FBAR reporting that foreign account despite having an obligation to do so. For violations involving the non-willful failure to report the existence of a foreign account, the maximum penalty that may be assessed is $10,000 for each violation. 31 U.S.C. § 5321(a)(5)(B)(i).

4

30.     As shown above, Ms. Deerey failed to file an FBAR on or before June 30 in 2008, 2009, or 2010 despite her financial interest in the UBS account.

31.     On February 13, 2017, the Internal Revenue Service timely assessed a civil penalty of $10,000.00 against Ms. Deerey for each calendar year from 2007 to 2009 pursuant to Section 5321(a)(5)(B)(i) of Title 31 for failing to file an FBAR for that year.

32.     The Service gave Ms. Deerey notice of the assessment and demanded payment of the assessed amount.

33.     On April 11, 2017, Ms. Deerey remitted a payment of $400, but no other payments have been made.

34.     As of June 19, 2018, Ms. Deerey is liable to the United States for $40,194.94, which represents the FBAR penalty, interest, penalties for late payment under 31 U.S.C. § 3717(e)(2), and associated fees.  Interest continues to accrue as provided by law until the penalty plus interest is paid in full.

WHEREFORE, the United States requests that this Court enter an order granting:

a.     judgment in favor of the United States and against Kimberly A. Deerey in the amount of $40,194.94, for the civil penalty assessed against Ms. Deerey pursuant to 31 U.S.C. § 5321(a)(5)(B)(i), plus interest, late payment penalties, and fees allowed by law from June 19, 2017, through the date of payment, and the costs of this action; and

b.     such other relief as may be available under the law.

Dated: July 5, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:  /s/ Joanna L. Barry
JOANNA L. BARRY
Trial Attorney, Tax Division
Department of Justice
P.O. Box 14198
Washington, DC 20044
Telephone: (202) 353-7205
Fax: (202) 514-9868
joanna.l.barry@usdoj.gov

Of Counsel:
Maria Chapa Lopez
United States Attorney

6

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joanna L. Barry, U.S. Dept. of Justice, Tax Division, 555 4th St. NW,
Rm. 6227, Washington DC 20001, 202-353-7205,
joanna.l.barry@usdoj.gov

## DEFENDANTS

Kimberly A. Deerey    2018 JUL -6  AM 10: 22

County of Residence of First Listed Defendant    Collier County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 3711(g)
Brief description of cause:
Collect Report of Foreign Bank and Financial Accounts Penalty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   40,194.94

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE    07/05/2018

SIGNATURE OF ATTORNEY OF RECORD    /s/ Joanna L. Barry

**FOR OFFICE USE ONLY**

RECEIPT #  W    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

2:18-cv-476-FtM-99MRM